John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
401 W Broadway, Suite 1760
San Diego, California 92101
Tel.: (858) 209-6941
jnelson@milberg.com

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES SAMPSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>49ERS ENTERPRISES, LLC d/b/a/ THE SAN FRANCISCO 49ERS,<br><br>Defendant. | Case No.: 5:22-cv-09077<br><br>**PLAINTIFFS' STIPULATED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**<br><br>**<u>CLASS ACTION</u>** |

Plaintiff James Sampson individually and on behalf of all others similarly situated, by and through his undersigned counsel, hereby moves pursuant to Local Rule 3-12 for a determination that the Court relate *James Sampson, v. 49ers Enterprises, LLC d/b/a The San Fransisco 49ers,* Case No. 5:22-cv-09077 (N.D. Cal. filed December 22, 2022) ("*Sampson*"), and *Kathrine Finch v. 49ers Enterprises, LLC dba The San Fransisco 49ers,* Case No. 5:23-cv-00109 (N.D. Cal. filed January 10, 2023) ("*Finch*") to the first filed action, *Samantha Donelson v. 49ers Enterprises, LLC d/b/a The San Fransisco 49ers,* Case No. 5:22-cv-05138 (N.D. Cal. filed September 9, 2022) ("*Donelson*").

1

## I. BRIEF STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

Local Rule 3-12(a) states that an action is related to another when:

(1) The actions concern substantially the same parties, property, transaction, or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Both criteria are met here. First, the *Sampson, Finch,* and *Donelson* actions concern substantially the same parties, transaction, or event:

1. Plaintiffs in *Sampson, Finch,* and *Donelson* assert claims against a common Defendant, 49ers Enterprises, LLC ("Defendant").

2. Plaintiffs in each *Sampson, Finch,* and *Donelson* allege that they are victims of a data security breach occurring between February 6 and February 11 of 2022 on Defendant's network and which lead to the compromise of their Personally Identifiable Information ("PII"). Plaintiffs each bring claims based on allegations regarding this data security breach (compare *Sampson*, ECF No. 1 ¶¶ 1, 3 ("*Sampson* Compl.") with *Finch*, ECF No. 1 ¶¶ 1, 3 ("*Finch* Compl.") and *Donelson*, ECF No. 1 ¶¶ 1-3 ("*Donelson* Compl.")).

3. The actions seek to hold Defendant liable for the security incident, based on allegations concerning Defendant's data security practices with respect to Plaintiffs' PII . (*See*, *Sampson* Compl. ¶ 6; *Finch* Compl. ¶ 6; and *Donelson* Compl. ¶¶ 6-7).

4. The actions also seek the same or overlapping relief. (*Sampson* Compl. pp. 26-34; *Finch* Compl. pp. 26-34; and *Donelson* Compl. pp. 11-21).

2

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

5.   The putative classes in each case also overlap: Plaintiffs in *Sampson, Finch,* and *Donelson* seek to represent a nationwide class of persons whose data was allegedly compromised in February of 2022. (*See Sampson* Compl. ¶ 95; *Finch* Compl. ¶ 94; and *Donelson* Compl. ¶ 57).[1]

Cases are routinely related in similar circumstances pursuant to this Court's local rules. *See, e.g., Power Integrations, Inc. v. Chan-Woong Park*, No. 16-CV-02366-BLF, 2019 WL 119969, at *1 (N.D. Cal. Jan. 7, 2019) (relating cases involving the same parties and overlapping UCL claims); *Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL 4783951, at *1–2 (N.D. Cal. Aug. 22, 2019) (relating cases with overlapping claims and parties).

Second, due to their similarity, if not treated as related, the cases are likely to require substantial duplication of effort and expense and present a potential danger of inconsistent rulings regarding the same issues of law.

Relating the *Sampson, Finch,* and *Donelson* cases will allow a single judicial officer to more efficiently guide all actions towards resolution. Otherwise, the parties and Court would expend resources engaging in parallel and overlapping adjudication of the same issues. Because these actions are connected, the ultimate outcome in each matter will affect all parties. A single judge presiding over the actions will not only avoid duplication of both labor and expense but will also maximize the potential for the cases to be resolved expeditiously.

As stated above, pursuant to Civil Local Rule 3-12, the Court should relate the three actions.

---

[1] Plaintiffs in *Sampson* and *Finch* also seek to represent a subclass of California residents. (*See Sampson* Compl. ¶ 96; *Finch* Compl. ¶ 94

## II. LOCAL RULE 7-11 COMPLIANCE

Pursuant to Local Rule 7-11, counsel for *Sampson* has obtained a stipulation to this administrative motion.

DATED: January 23, 2023                    Respectfully Submitted,

By  */s/ John J. Nelson*
John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
401 W Broadway, Suite 1760
San Diego, California 92101
Tel.: (858) 209-6941
jnelson@milberg.com

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ John J. Nelson*
John J. Nelson, Esq